UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

EVELYN WRIGHT,                          )
                                        )
                    Plaintiff,          )        Case No. 1:04-cv-721
                                        )
v.                                      )        Honorable Robert Holmes Bell
                                        )
COMMISSIONER OF                         )
SOCIAL SECURITY,                        )
                                        )        **REPORT AND RECOMMENDATION**
                    Defendant.          )
_____     )

        This is a social security action brought under 42 U.S.C. § 405(g) seeking review of

a final decision of the Commissioner of Social Security denying plaintiff's claim for disability

insurance benefits (DIB).  Plaintiff's disability insurance expired on June 30, 1985.  Plaintiff filed

the application forming the basis of this appeal on October 29, 2001.  (A.R. 50). Plaintiff claimed

an onset of disability of September 7, 1979.   Plaintiff's claim was denied upon initial review, and

as a disability redesign prototype case, was not subject to administrative review at the

reconsideration stage.  On September 18, 2002, plaintiff received a hearing before an administrative

law judge (ALJ) at which plaintiff was represented by counsel.  (A.R. 168-85).  On November 13,

2002, the ALJ issued a decision finding that plaintiff was not disabled.  (A.R. 23-26).  On September

15, 2004, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the

Commissioner's final decision.  On October 27, 2004, plaintiff filed her complaint in this court

seeking review of the Commissioner's decision denying her DIB claim.

The sole issue plaintiff raises on appeal is whether the Commissioner erred as a matter of law in finding that plaintiff was not disabled at step two of the sequential analysis. (Plf Brief at 3, Statement of Errors, docket # 8). Upon review, I find that the Commissioner committed error by denying plaintiff's claim at step two, and recommend that the Commissioner's decision be vacated and the matter be remanded to the Commissioner for further administrative fact-finding.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported

by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on September 7, 1979, her asserted onset of disability, and continued to meet them through June 30, 1985, but not thereafter. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. It was plaintiff's burden to submit evidence demonstrating that she was disabled prior to the June 30, 1985 expiration of her disability insured status. *See Moon v. Sullivan*, 923 F.3d 1175, 1182 (6th Cir. 1990). The ALJ denied plaintiff's claim at step two of the sequential analysis based on a finding that plaintiff did not have any severe impairments.

Plaintiff submitted very little medical evidence in support of her disability claim. However, the evidence plaintiff did submit included statements made by her treating physicians predating 1985 indicating that plaintiff's allergies to dust and tobacco smoke was severe enough to

warrant significant working environment restrictions.  The Sixth Circuit has long recognized that such environmental restrictions can have a significant adverse impact on an individual's ability to perform work.  *See, e.g., Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Although the ALJ's opinion mentioned the environmental restrictions imposed by Drs. Cookingham, Frank, and Dismond to accommodate plaintiff's impairments  (A.R. 24-25), the ALJ made no attempt to reconcile these significant environmental restrictions with the ALJ's step-two finding that plaintiff's impairment or combination of impairments would not have  more than a minimal effect on plaintiff's ability to perform basic work-related functions that would last for twelve consecutive months.  The ALJ's four-page opinion gives every appearance of a rushed decision, improperly attempting to support a step-two finding of nondisability with treating physician's statements that the plaintiff's impairments were not totally disabling because they did not preclude plaintiff from performing other types of work.  Whether an impairment has more than a *de minimis* impact on ability to work, and whether impairments preclude any type of work, are obviously widely divergent standards.  Although these physician statements significantly reduce plaintiff's likelihood of eventually prevailing on her disability claim, and provide some temptation for this reviewing court to find harmless error, to do so under the present circumstances would not be appropriate.  There are no administrative fact findings beyond step two to which this court can defer, and the plaintiff's documented environmental restrictions cannot simply be ignored.

A severe impairment is "an impairment or combination of impairments which significantly limits physical or mental ability to do basic work activities."  *Abbott v. Sullivan*, 905 F.2d at 923.  Severity is a *de minimis* hurdle in the disability determination process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Murphy v. Secretary of Health & Human Servs.*, 801 F.2d 182,

185 (6th Cir. 1988); *Salmi v. Secretary of Health & Human Servs.*, 744 F.2d 685, 690-92 (6th Cir.

1985); *Farris v. Secretary of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985). "Under

the prevailing *de minimis* view, an impairment can be construed not severe only if it is a slight

abnormality that minimally affects work ability regardless of age, education, and experience."

*Higgs*, 880 F.2d at 862. "However, a claim that is 'obviously lacking medical merit' can be

dismissed in if it is "totally groundless solely from a medical standpoint." *Burton v. Apfel*, No. 98-

4198, 2000 WL 125853, at * 3 (6th Cir. Jan. 24, 2000) (quoting *Higgs*, 880 F.2d at 862-63). In

*Higgs,* the Sixth Circuit observed that "this lenient interpretation of the severity requirement in part

represents the courts' response to the Secretary's questionable practice in the early 1980s of using

the step two regulation to deny meritorious claims without proper vocational analysis." 880 F.2d at

862. A recommendation that this matter be remanded to the Commissioner is not intended as any

type of directive that the plaintiff be found disabled. The matter should be remanded to the

Commissioner for further administrative fact-finding by application of sequential analysis steps

beyond step two.


### **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be

reversed, and that the matter be remanded to the Commissioner for further administrative fact-

finding and completion of the sequential analysis.


Dated:  June 27, 2005              /s/  Joseph G. Scoville
                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).